NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30084 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00262-BLW-1 |
| v. | |
| JOSE LUIS CRUZ-DELGADO, AKA Salvador Rosas-Medina, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 5, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE,[***] District
Judge.

Jose Luis Cruz-Delgado appeals the 300-month sentence imposed by the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

district court after a jury found him guilty of conspiracy to distribute methamphetamine and attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a), (b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by applying a four-level role enhancement to Cruz-Delgado's offense-level under USSG § 3B1.1(a). Section 3B1.1(a) provides that a court may increase a defendant's offense level by four "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Cruz-Delgado contends that the district court abused its discretion because his drug trafficking conspiracy did not involve five or more participants, arguing that Shawn Empey was merely a "buyer" and not a "participant."

We conclude that the district court did not err by finding that Empey was a participant in the conspiracy. To qualify as a participant, Empey must have done "more than simply purchase small quantities of a drug for his personal use. The facts must support an inference that the seller knew or should have known that the customer would subsequently distribute the drugs to others outside his household."

*United States v. Egge*, 223 F.3d 1128, 1133 (9th Cir. 2000).[1]  Here, Empey pleaded guilty to possession of methamphetamine with the intent to distribute.  Empey also admitted under oath that he worked with Cruz-Delgado's coconspirators to distribute methamphetamine, which was corroborated by undercover law enforcement investigations.  Indeed, Cruz-Delgado admits that "the Court can assume Mr. Empey intended to commit the crime of possession with the intent to distribute, and that Mr. Fullmer probably knew Mr. Empey was reselling the methamphetamine."  The district court properly found that Empey's coconspirators "knew or should have known" that he "would subsequently distribute the drugs to others outside his household."  *Egge*, 223 F.3d at 1133.  Cruz-Delgado's argument that the district court incorrectly believed that Empey had pleaded guilty to conspiracy is therefore beside the point.

2.  Even if the district court erred in finding that Empey was a participant, we would have no difficulty in concluding that the conspiracy was "otherwise extensive."  From at least 2017 to 2018, Cruz-Delgado and his co-conspirators

[1] Cruz-Delgado argues that *United States v. Loveland*, 825 F.3d 555 (9th Cir. 2016) overruled *Egge*, and articulated a new test requiring that the district court find an "agreement for redistribution" to establish that a person was a participant in a conspiracy.  But *Loveland* did not discuss *Egge*, the application of a sentencing enhancement under § 3B1.1, or the number of participants in the defendant's conspiracy.  And *Loveland* describes the standard for obtaining a *conviction* for conspiracy to distribute drugs, but § 3B1.1 cmt. n.1 explicitly does not require that a "participant" be convicted of the crime.  Therefore, *Egge* remains good law.  *See United States v. Walter-Eze*, 860 F.3d 891, 914 (9th Cir. 2017).

3

trafficked over 78,000 kilograms of methamphetamine, cocaine, mushrooms, and marijuana. Further, Cruz-Delgado's criminal activity spanned two countries and at least three states, involved five or more participants, countless victims, the maintenance of a storage unit for drug distribution activities, and hundreds of thousands of dollars in profits. *See United States v. Leung*, 35 F.3d 1402, 1406–07 (9th Cir. 1994) (finding that a drug trafficking conspiracy was "otherwise extensive" when the conspiracy involved at least four people, a warehouse where drugs were stored, and the shipping and transportation of drugs across country lines); *United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir. 1998) (finding criminal activity was "otherwise extensive" when it involved seven participants, interstate travel, a large number of victims, and nearly $100,000 in proceeds).

**AFFIRMED.**